UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
HELMUT HAGEMANN,

                       Plaintiff,

         -against-

THE REPUBLIC OF ARGENTINA,

                       Defendant.
------------------------------------------------------------------- X

08 Civ. 5436 (TPG)

**ANSWER**

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint, dated June 12, 2008 (the "Complaint"), respectfully states as follows:

        1.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated October 19, 1994 as amended on April 21, 1998 (the "1994 FAA"), and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN XS0086333472.

        2.      Paragraph 2 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

        3.      Paragraph 3 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

        4.      Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

        5.      In response to Paragraph 5 of the Complaint, the Republic repeats and realleges each and every response to Paragraphs 1-4 of the Complaint.

6. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 7 of the Complaint for its true and correct contents.

8. Paragraph 8 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 8 of the Complaint for its true and correct contents.

9. Paragraph 9 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 of the Complaint for its true and correct contents.

10. Paragraph 10 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 10 of the Complaint for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 11 of the Complaint for its true and correct contents.

12. The Republic denies the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 13 of the Complaint.

14. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint. Paragraph 14 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 14 of the Complaint for their true and correct contents.

15. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

16. Paragraph 16 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 16 of the Complaint.

### First Affirmative Defense

17. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

18. Plaintiffs' claims are barred by the act of state doctrine.

### Third Affirmative Defense

19. To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, plaintiffs are barred from enforcing any rights they may otherwise have.

### Fourth Affirmative Defense

20. Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

21. Plaintiffs' claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

22. Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

23. Plaintiffs' interest claims are barred in whole or in part by the applicable statute of limitations/prescription period.

### Eighth Affirmative Defense

24. Plaintiffs lack standing and/or capacity to sue, because they are not holders of bonds within the meaning of the Amendment.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)  dismissing plaintiffs' claims with prejudice;

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, No. 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

4

   (b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

   (c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   August 15, 2008

          CLEARY GOTTLIEB STEEN & HAMILTON LLP

          By: _____
           Jonathan I. Blackman (jblackman@cgsh.com)
           Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

          One Liberty Plaza
          New York, New York 10006
          (212) 225-2000

          Attorneys for the Republic of Argentina